# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. RUBINO,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>　　　　　　　　Respondents. | Civil No.　14-0491 GPC (BLM)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. The Court does not rule on Petitioner's application to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A), as indicated below.

### **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

The instant Petition is not the first Petition for Writ of Habeas Corpus Rubino has submitted challenging his February 22, 2007 San Diego County Superior Court conviction in Case No. SCN-167044. (*See* Petition at 1-2.)

On April 1, 2011, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE NO. 11-0665 WQH (WVG). (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 11cv0665 WQH (WVG), filed 4/11/14.) In that petition,

Petitioner challenged his conviction and sentence in San Diego Superior Court case No. SCN-167044. On, March 6, 2012, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. (*See* Order filed 3/6/12 in SO. DIST. CA. CIVIL CASE NO. 11cv0665 (WQH (WVG).) Petitioner has not appealed that determination.

### INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003) (same). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 12, 2014

HON. GONZALO P. CURIEL
United States District Judge

Copies to:       ALL PARTIES